**DEPARTMENT OF the AIR FORCE, SCOTT AIR FORCE BASE, Petitioner/Cross Respondent,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent/Cross Petitioner.**

No. 91–1042.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 1, 1991.

Decided Feb. 28, 1992.

Marleigh D. Dover, Attorney, U.S. Dept. of Justice, with whom Stuart M. Gerson, Asst. Atty. Gen., and Leonard Schaitman, Attorney, U.S. Dept. of Justice, were on the brief, for petitioner/cross respondent.

Pamela P. Johnson, Attorney, Federal Labor Relations Authority, with whom William E. Persina, Sol., and William R. Tobey, Deputy Sol., were on the brief, for respondent/cross petitioner.

Before MIKVA, Chief Judge, HENDERSON and RANDOLPH, Circuit Judges.

Opinion for the court filed PER CURIAM.

PER CURIAM:

The Federal Service Labor–Management Relations Statute requires federal employers to disclose to unions information that is "necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining," 5 U.S.C. § 7114(b)(4)(B), as long as, among other things, disclosure is "not prohibited by law." 5 U.S.C. § 7114(b). Invoking the statute, a union representing non-supervisory employees at Scott Air Force Base sought disclosure of a disciplinary letter sent to a supervisor against whom a union member had filed a grievance. Finding that disclosure was "necessary" under the statute and "not prohibited by law," the Authority ordered the Air Force Base to furnish the disciplinary letter to the union. The Air Force petitions for review, arguing that disclosure was in fact prohibited by the Privacy Act, 5 U.S.C. § 552a. In light of *National Labor Relations Board v. Federal Labor Relations Authority*, 952 F.2d 523 (D.C.Cir.1992), decided after oral argument in this case, we remand to the Authority to reconsider its determination that disclosure of the disciplinary letter was "necessary."

■ *NLRB v. FLRA* involved several cases, consolidated for appeal, in which the Authority had ordered disclosure of information concerning employee grievances after rejecting the federal employers' arguments that the documents contained information on "guidance, advice, counsel or training" for management, and were therefore exempt from disclosure under § 7114(b)(4)(C). The Court in *NLRB v. FLRA* upheld the Authority's interpreta-

tion of subsection (b)(4)(C), but remanded the cases nevertheless, holding that the Authority had failed properly to consider whether the information was "necessary" under subsection (b)(4)(B). *Id.* at 529–34.

The statute, the Court pointed out, "entitles the union to 'necessary,' not to 'relevant' information." *Id.* at 531. Accordingly, "the requisite strength of the union's 'need' will depend on the intensity of countervailing interests." *Id.* at 531. The Authority had considered only pro-disclosure interests, but the Court held that the statute requires consideration of countervailing interests against disclosure. *Id.* at 531. In the context of subsection (b)(4)(C), the Court said, information containing "guidance, advice, counsel or training" for management should be released upon union request "only in those circumstances when the union has a particularized need for the information." *Id.* at 532. Because the Authority "had required disclosure without explaining the 'necessity' of the requested information," *id.* at 534, the Court remanded for reconsideration.

Similarly here, the Authority ordered disclosure of the disciplinary letter without adequately explaining the "necessity" of the requested information. As in the *NLRB v. FLRA* cases, the Authority applied a standard of relevance, rather than necessity, contrary to the statute's requirement. In finding that disclosure of the disciplinary letter was "necessary," the Authority considered only the interests favoring disclosure, stating merely that the union needed the letter to evaluate the grievance, decide whether to pursue it, and to prepare for arbitration proceedings. But as the Court said in *NLRB v. FLRA*, "[i]f only pro-disclosure interests were material to § 7114(b)(4)(B), the statutory factor of 'necessity' would be surplusage." *NLRB v. FLRA, supra*, at 531. The Authority should have considered countervailing interests against disclosure, and because it did not do so we remand for reconsideration.

■ On remand, in weighing the "necessity" of disclosing the disciplinary letter, the Authority should consider the agency's

interest, if any, in protecting the secrecy of its disciplinary decisions. The Authority should also consider the supervisor's privacy interest against disclosing the letter. We recognize that the Court in *NLRB v. FLRA* instructed the Authority to consider an anti-disclosure interest specifically identified in the statute—the interest in protecting the secrecy of "guidance, advice, counsel, or training" for management officials, 5 U.S.C. § 7114(b)(4)(C)—and that the statute does not mention the interest of an agency or employee in preserving the secrecy of disciplinary records. But we see nothing in the term "necessary" that limits consideration to specifically mentioned anti-disclosure interests. Moreover, " 'efficient government' remains an independent and, to some extent, conflicting purpose of the statute," *NLRB v. FLRA, supra,* at 531, and requiring the Authority to consider the agency's interest in protecting its disciplinary records strikes us as entirely consistent with that statutory purpose. As for the employee's anti-disclosure interest, it is indisputable that an employee has a significant privacy interest in his or her disciplinary records. *See, e.g., Dep't of the Air Force v. Rose,* 425 U.S. 352, 377, 96 S.Ct. 1592, 1606, 48 L.Ed.2d 11 (1976); *Dunkelberger v. Dep't of Justice,* 906 F.2d 779, 781–82 (D.C.Cir.1990); *United States Dep't of Justice and Immigration and Naturalization Service,* 37 F.L.R.A. (No. 111) 1346, 1362–63 (1990).

In weighing the interests favoring and disfavoring disclosure, the Authority should also consider the interest against ordering disclosure *now*—that is, before a decision is made on the grievability of the underlying grievance. The Air Force contends that, because the underlying grievance seeks disciplinary action against a supervisor, it is outside the scope of the collective bargaining agreement and therefore not the proper subject of a grievance. We agree with the Authority that the grievability issue should be resolved first by the arbitrator, but we are also persuaded that there is a strong interest in postponing disclosure until after that resolution. If the Authority compels the Air Force Base to disclose the disciplinary letter, and the arbitrator then dismisses the grievance as not grievable, disclosure would have compromised the supervisor's privacy interest without providing any countervailing benefits. (If the arbitrator must see the disciplinary letter to determine whether the grievance is proper, she may review the document *in camera.*) To put it differently, we strongly doubt that information can be "necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining," if the union seeks to obtain the information for purposes not within the scope of collective bargaining. *Cf. NLRB v. FLRA, supra,* at 532 ("the union may well meet the particularized-need standard *where the union has a grievable complaint covering the information* ") (emphasis in original).

We are aware, of course, that the Authority has already conducted a balance of the supervisor's privacy interests against what it saw as the public interest under the Privacy Act. But such a balance cannot satisfy the "necessity" requirement of § 7114(b)(4)(B). The Authority has never balanced the union's interest in disclosure against the three non-disclosure interests we have identified: the agency's interest in confidentiality, the supervisor's interest in privacy, and particularly the interest in postponing disclosure until the grievability question is resolved. We leave it to the Authority to strike that balance in the first instance, and we express no view now on the Authority's Privacy Act analysis.

To summarize, in light of *NLRB v. FLRA,* we remand to the Authority to determine whether the disciplinary letter was *"necessary* for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining." In determining whether the statute requires disclosure of the disciplinary letter, the Authority should weigh both the union's need for the information and the countervailing interests against disclosure. The Authority should consider the interests of the agency and the supervisor in preserving the confidentiality of disciplinary records. And it should consider the inter-

est in postponing a decision on public disclosure until after the arbitrator determines whether the underlying grievance is grievable.