**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, WASHINGTON, D.C., United States Department of Veterans Affairs Medical Center, Amarillo, Texas, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent,**

**American Federation of Government Employees, AFL–CIO, Local 2250, Intervenor.**

**No. 91–1578.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 21, 1993.

Decided Aug. 6, 1993.

Marc Richman, Atty., Dept. of Justice, argued the cause, for petitioner. With him on the briefs were Stuart M. Gerson, Asst. Atty. Gen., and William Kanter, Atty., Dept. of Justice.

William E. Persina, Atty., Federal Labor Relations Authority, argued the cause, for respondent. With him on the briefs was Pamela P. Johnson, Atty., Federal Labor Relations Authority. William R. Tobey, Atty., Federal Labor Relations Authority, also entered an appearance, for respondent.

Mark D. Roth, Gen. Counsel, Charles A. Hobbie, Deputy Gen. Counsel, and Kevin M. Grile, Asst. Gen. Counsel, American Federation of Government Employees, AFL–CIO, filed the brief, for intervenor American Federation of Government Employees, Local 2250.

Before RUTH BADER GINSBURG, WILLIAMS, and SENTELLE, Circuit Judges.

Opinion for the court filed by *Circuit Judge* RUTH BADER GINSBURG.

RUTH BADER GINSBURG, Circuit Judge:

The United States Department of Veterans Affairs Medical Center in Amarillo, Tex-

as (Medical Center) and the Department of Veterans Affairs (collectively, VA) seek review of a ruling by the Federal Labor Relations Authority (FLRA or Authority) that the VA violated the Federal Service Labor–Management Relations Statute (FSLMRS), 5 U.S.C. §§ 7101 *et seq.*, by refusing to provide Local 2250 of the American Federation of Government Employees (Union) with minutes of clinical staff meetings involving professional employees. *See United States Dep't of Veterans Affairs*, 42 F.L.R.A. 333 (1991) (*FLRA Decision*). Under the governing FSLMRS prescription, an agency must furnish to a union representing employees information *"necessary* for full and proper discussion, understanding, and negotiation of subjects *within the scope of collective bargaining."* 5 U.S.C. § 7114(b)(4)(B) (emphasis added). It is undisputed that the professional employees whose interests the Union serves had no statutorily-secured right to engage in collective bargaining or to process grievances under a negotiated grievance procedure.

We conclude that the FLRA imposed a document disclosure obligation on the VA broader than the obligation section 7114(b)(4)(B) describes. Accordingly, we grant the VA's petition for review and deny the FLRA's cross-petition for enforcement.

## I. BACKGROUND

The Union is the exclusive representative for most professionals employed by the De-

partment of Medicine and Surgery (DM & S) at the Medical Center. Professional DM & S employees serve under a personnel regime governed in significant part by Title 38 of the United States Code. *See Colorado Nurses Ass'n v. FLRA*, 851 F.2d 1486, 1489 (D.C.Cir. 1988). At all times relevant to this dispute, the VA's medical personnel (Title 38 employees) had no statutory right to engage in collective bargaining respecting the conditions of their employment.[1]

Although Title 38 employees had no statutorily-protected right to negotiate collective bargaining agreements, or to administer such agreements through grievance arbitration procedures, they had and retain other rights protected by the FSLMRS, including "the right to form, join, or assist a labor organization without fear of penalty or reprisal." *United States Dep't of Veterans Affairs*, 40 F.L.R.A. 290, 301 (1991). According to the FLRA, Title 38 employees, at the time here relevant, had a right—albeit a distinctly modified one—to representation by their union, i.e., their "exclusive representative," at "any formal discussion between one or more representatives of the agency and one or more employees in the unit or their representatives concerning any grievance or any personnel policy or practices or other general condition of employment." 5 U.S.C. § 7114(a)(2)(A); *see FLRA Decision*, 42 F.L.R.A. at 343.[2]

In early 1989, the Union asked the Medical Center to provide it with copies of minutes of

1. *See* 38 U.S.C. § 4108(a) ("[n]otwithstanding any law, Executive order, or regulation, the [VA] Administrator shall prescribe by regulation the hours and conditions of employment" of professional DM & S employees); *see also* Colorado Nurses Ass'n v. FLRA, 851 F.2d 1486, 1492 (D.C.Cir.1988) ("Congress intended to give the [VA] unfettered discretion to issue regulations concerning the working conditions of DM & S employees."). Title 38 has since been amended to accord covered employees limited collective bargaining rights. *See* Department of Veterans Affairs Labor Relations Improvement Act of 1991 (Title II of the Department of Veterans Affairs Health–Care Personnel Act of 1991), Pub.L. 102–40, § 202, 105 Stat. 187, 200 (adding 38 U.S.C. § 7422). Because the charge at issue predated the amendments to Title 38, those amendments do not apply to this case. *See id.* § 205(b), 105 Stat. 207–08 ("[C]ases pending on the date of the

enactment of this Act ... shall proceed in the same manner as they would have if this Act had not been enacted.").

2. The FLRA acknowledged that "the Union would have no right to be represented at the staff meetings [here in question] insofar as the discussion at those meetings is concerned with grievances under a negotiated bargaining agreement or with personnel policies and practices over which the [VA] has exclusive authority under Title 38." *See* United States Dep't of Veterans Affairs, 42 F.L.R.A. 333, 343 (1991) (*FLRA Decision*). For purposes of this opinion, we assume, without deciding, that Title 38 employees had the right, as notably qualified by the FLRA, to be represented at the formal discussions described in section 7114(a)(2)(A).

monthly DM & S staff meetings held from January 1, 1988 through January 6, 1989. The Union asserted that it needed these minutes to determine if the staff meetings constituted "formal discussions" under 5 U.S.C. § 7114(a)(2)(A). In response to the Medical Center's refusal to provide the minutes, the Union filed unfair labor practice charges against the VA.

In a September 1991 Decision and Order, the FLRA ruled that, by refusing to give the Union the DM & S staff meeting minutes, the VA had violated the FSLMRS. *See FLRA Decision,* 42 F.L.R.A. at 344. The Authority relied on the data-furnishing direction contained in 5 U.S.C. § 7114(b)(4), which reads:

> (b) The duty of an agency and an exclusive representative to negotiate in good faith under [5 U.S.C. § 7114(a)] shall include the obligation—
>
> . . . .
>
> (4) in the case of an agency, to furnish to the exclusive representative involved, or its authorized representative, upon request and, to the extent not prohibited by law, data—
>
>> (A) which is normally maintained by the agency in the regular course of business;
>> (B) which is reasonably available and necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining; and
>> (C) which does not constitute guidance, advice, counsel, or training provided for management officials or supervisors, relating to collective bargaining[.]

Under FLRA precedent, this provision affords access to information the union needs to determine whether to file an unfair labor practice charge. *See Department of Commerce,* 30 F.L.R.A. 127, 142 (1987). In the Authority's words, disclosure of the DM & S professional staff meeting minutes was

> necessary for the Union to fulfill its representational obligations.... [T]he Union had a right under section 7114(b)(4) to obtain the minutes of staff meetings ·in order to determine whether it should have

been permitted to participate in any formal discussions and to file an unfair labor practice charge if it believed that its rights had been denied.

*FLRA Decision,* 42 F.L.R.A. at 344. Based on this holding, the FLRA directed the VA to furnish the requested minutes to the Union. *See id.* at 344–45.[3]

## II. DECISION

### A. Collective Bargaining

■ The FLRA, supported by the Union as intervenor, maintains that the right to information secured by 5 U.S.C. § 7114(b)(4) may be grounded on the full range of a union's representational activities, and is not confined to the negotiation and enforcement of collective bargaining agreements. This assertion, we conclude, is incompatible with a statutory text that first ties information release to "[t]he duty of an agency and an exclusive representative *to negotiate in good faith,*" 5 U.S.C. § 7114(b) (emphasis added), and then delineates, precisely, what information shall be disclosed: "data ... necessary for ... discussion, understanding, and negotiation of subjects *within the scope of collective bargaining.*" 5 U.S.C. § 7114(b)(4)(B) (emphasis added).

Attempting to accommodate its construction to the language of section 7114(b)(4)(B), the FLRA urges that "subjects within the scope of collective bargaining" means all subjects within the statutory definition of "collective bargaining," even if no collective bargaining is mandated, and no collectively-bargained agreement exists, in the particular case. *See* Brief for the FLRA at 23–24 & n. 10. "[C]ollective bargaining," the Authority points out, is defined as the "mutual obligation" of employer and union to bargain on "conditions of employment," 5 U.S.C. § 7103(a)(12), and "conditions of employment" encompass "personnel policies, practices, and matters ... affecting working conditions." 5 U.S.C. § 7103(a)(14). Section 7103(a)(14), however, continues: "except that [conditions of employment] does not include policies, practices, and matters ... specifically provided for by Federal statute." Title 38 is such an overriding statute, *see Colorado*

---

**3.** The FLRA allowed the VA to "sanitize[]" the minutes by removing references to "individual veteran's names, claims or records." *FLRA Decision,* 42 F.L.R.A. at 344.

*Nurses,* 851 F.2d at 1492, one that, until 1991, left no room for the collective bargaining commanded by the FSLMRS. *See supra* note 1.

■ We note, furthermore, that the FLRA decision under review did not refer to 5 U.S.C. § 7103(a)(12) & (14). As a rule, "courts may not accept appellate counsel's *post hoc* rationalizations for agency action." *K N Energy, Inc. v. FERC,* 968 F.2d 1295, 1303 (D.C.Cir.1992) (citation omitted).

In sum, the existence or requirement of collective bargaining is critical to the information right described in 5 U.S.C. § 7114(b)(4)(B). Because the VA medical personnel involved in this case had no information-rights-generating collective bargaining agreement with the agency, and no statutory right to engage in bargaining,[4] the FLRA's order is unauthorized by the FSLMRS.[5]

### B. Particularized Need

■ The FLRA's order is also unacceptable on an independent ground. Section 7114(b) "entitles the union to 'necessary,' not to 'relevant' information." *Department of Air Force, Scott Air Force Base v. FLRA,* 956 F.2d 1223, 1224 (D.C.Cir.1992) (citation omitted). This court's decisions require a

showing by the union of "particularized need" tested against countervailing anti-disclosure interests of the agency. *See, e.g., United States Dep't of Justice, Bureau of Prisons v. FLRA,* 988 F.2d 1267, 1270 (D.C.Cir.1993).[6] The FLRA made no such realistic, comparative evaluation; it merely hypothesized ways in which the minutes might bear upon protected employee rights.[7] *Cf. United States Dep't of Justice Office of Justice Programs,* 45 F.L.R.A. 1022, 1039–40 (1992) (appended ALJ opinion) (denying request as mere "fishing expedition"; employer had engaged in "no conduct [that could] prompt [employee to] fil[e] a grievance"); *Bohemia, Inc.,* 272 N.L.R.B. 1128, 1129 (1984) (denying request in absence of "objective factual basis for believing ... a transfer [of bargaining-unit work] had occurred").

### Conclusion

Because the FLRA's order is premised on a misreading of the FSLMRS, the VA's petition for review is granted and the FLRA's cross-petition for enforcement is denied.

*It is so ordered.*

---

4. In American Fed'n of Gov't Employees, Local 3884 v. FLRA, 930 F.2d 1315 (8th Cir.1991), the court held that employees without a statutory right to collective bargaining may obtain FLRA enforcement of information requests premised on voluntarily entered agreements. Intervenor Union suggests that a remand might be in order to determine whether such an agreement existed in this case. The record contains no reference to any relevant, voluntary agreement with the Medical Center covering Title 38 employees. When asked at oral argument, neither the FLRA's counsel nor the VA's indicated awareness of such an agreement. We note, moreover, that the Union "waive[d] all further ... submission of evidence ... before the Authority." Stipulation ¶ 22 at 9. In any event, our alternative holding—that the Union has shown no particularized need for the requested information, *see infra* p. 23—obviates any need for a remand.

5. The FLRA's position is not advanced by decisions confirming that the disclosure obligation, *when it exists,* is comprehensive. *See, e.g.,* American Fed'n of Gov't Employees, Local 1345 v. FLRA, 793 F.2d 1360, 1363 (D.C.Cir.1986) (employer must furnish "information needed to ne-

gotiate an agreement [and] data relevant to its administration"); United States Dep't of Justice, 46 F.L.R.A. 1526, 1535 (1993).

6. In private sector cases, "disclosure is governed by the less stringent relevance standard." United States Dep't of Justice, Bureau of Prisons v. FLRA, 988 F.2d 1267, 1271 (D.C.Cir.1993).

7. The FLRA suggested that the meetings might include discussions of "prohibitions on the ability of the unit employees to support the Union by the distribution of union materials or the wearing of union insignia at the Medical Center." FLRA Decision, 42 F.L.R.A. at 343. At oral argument, however, counsel for the FLRA conceded the total absence of evidence that such subjects were actually discussed at the staff meetings in issue. This court inquired: "You had a hypothetical about wearing union insignia but is there anything to even faintly suggest that at these staff meetings such matters were taken up?" Counsel for the FLRA replied: "No, your Honor. There is no evidence to indicate that in fact statements were made which may have [had] a chilling effect on [5 U.S.C. § ] 7102 associational rights...."